**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON LEBERT,

        Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner
of Social Security,

        Defendant-Appellee.

No.   23-35301

D.C. No. 4:21-cv-05155-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted May 10, 2024[**]
Seattle, Washington

Before: MURGUIA, Chief Judge, and W. FLETCHER and OWENS, Circuit
Judges.

The Social Security Administration denied claimant Jason Lebert's

application for Supplemental Security Income. The district court reversed and

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

remanded, holding that the Administrative Law Judge (ALJ) provided insufficient reasons for rejecting the medical opinions of Lebert's therapist and an examining psychologist. The ALJ denied Lebert's application on remand. On review of that decision, the district court granted summary judgment to the Commissioner. On appeal to us, Lebert argues, *inter alia*, that the ALJ improperly discounted (1) his subjective symptom testimony, (2) a lay-witness statement from his mother, and (3) the opinions of the therapist and psychologist.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We 'review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence.'" *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We affirm.[1]

Among other impairments, Lebert suffers from depression, posttraumatic stress disorder (PTSD), lumbar degenerative disc disease, and obesity. He testified before the ALJ that he has extreme difficulty leaving his house due to his

---

[1]Lebert filed his claim for benefits before March 27, 2017, so Social Security regulations and standards as propounded prior to the 2017 amendments apply. 20 C.F.R. § 404.1527.

depression and PTSD symptoms. He also testified that he has severe lower back pain and needs to elevate his legs for most of the day.

The ALJ may reject a claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation omitted). Here, the ALJ reasonably concluded that Lebert's claims of debilitating depression and PTSD were inconsistent with his activity levels and regular attendance of appointments. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). In addition, the medical evidence showed generally unremarkable mental status exams and sustained improvement in Lebert's symptoms. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ reasonably concluded that the medical records did not show mental impairments sufficiently severe to satisfy the paragraph B or C criteria. *See* 20 C.F.R. PT. 404 Subpt P., App. 1 §§ 12.00(E), (G)(2).

The ALJ also provided legally sufficient grounds for discounting Lebert's testimony concerning his physical impairments. *See Rollins v. Massanari*, 261

3

F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Lebert's back pain improved with rest and medication, and imaging of his spine showed only mild to moderate abnormalities. His leg edema quickly resolved with a change of medication, and most of the treatment records show no edema and normal gait, strength, and range of motion.

The ALJ did not err in rejecting the lay-witness statement from Lebert's mother. She testified that Lebert could not maintain competitive employment due to his back pain, PTSD, and depression. When, as here, the ALJ provides clear and convincing reasons for rejecting the claimant's subjective testimony, and the lay-witness testimony is similar to the claimant's testimony, "it follows that the ALJ also gave germane reasons for rejecting [the lay-witness] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ provided "specific and legitimate reasons that are supported by substantial evidence" for discounting the opinions of the therapist and psychologist. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). The therapist

4

concluded that Lebert had marked or severe limitations on all work activities, yet elsewhere observed that Lebert's mental functions were unremarkable and noted that Lebert was managing his symptoms. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (upholding rejection of a psychologist's opinion based on inconsistencies with the psychologist's treatment notes). In addition, the therapist's assessments were almost entirely based on Lebert's subjective reports: every sentence began with "Jason reports" or described events the therapist could not have observed, such as Lebert's sleep, behavior in public settings, and prior work history. *See Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible.") (internal quotations omitted). The ALJ correctly determined that the psychologist's opinion that Lebert's limitations would last six months did not establish the twelve-month durational requirement for a finding of disability under 20 C.F.R. § 416.909.

Lebert has not shown that the ALJ erred at step five. The findings by state agency consultants support the ALJ's assessment that Lebert would likely be off task five to nine percent of the time due to disruptions in attention and concentration, but not so often as to preclude competitive employment.

The remainder of Lebert's arguments are waived because they were not raised before the district court. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009).

**AFFIRMED.**